UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.), | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIV. ACT. NO. 1:24-cv-462-TFM-N ) |
| DEBRAH MITCHELL, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION ON DEFAULT JUDGMENT

Pending before the Court is Plaintiff's Motion for Default Judgment (Doc. 13, filed 1/21/2025) against Defendant Debrah Mitchell ("Defendant" or "Mitchell"). For the reasons stated below, the motion is **GRANTED**.

Rule 55 of the Federal Rules of Civil Procedure provides the mechanism for default judgments. Specifically, Rule 55 establishes a two-part process for obtaining a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk [of court] must enter the party's default." FED. R. CIV. P. 55(a). After default has been entered, if the "claim is for a sum certain or a sum that can be made certain by computation," the clerk must enter default judgment. FED. R. CIV. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2). Once a party applies for a default judgment, "[t]he court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *Id*. Accordingly, simply because a defendant is in default under Rule 55(a) does not mean the plaintiff is automatically entitled to a

default judgment under Rule 55(b).  *See generally* 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2685 (4th ed. 2016).  Additionally, in this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor."  *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) (quoting *Worldwide Web Sys.* and holding same).  The Eleventh Circuit states default judgments are "a drastic remedy that should be used sparingly and only in extreme situations where no other forms of relief are available."  *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 698 (11th Cir. 2015) (quoting M*itchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316-17 (11th Cir. 2002) (internal quotations omitted).

While the entry of default is a necessary condition for obtaining a default judgment, it is not sufficient.  "[A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but instead "a defaulted defendant is deemed to 'admit[] the plaintiff's well-pleaded allegations of fact.'"  *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Rule 55(b)(1) permits entry of judgment by the clerk without a hearing in cases where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." FED. R. CIV. P. 55(b)(1).  In all other cases, the Court "may conduct hearings" to "conduct an accounting," "determine the amount of damages," "establish the truth of any allegation by evidence," or "investigate any other matter." FED. R. CIV. P. 55(b)(2)(A)-(D). Though the language indicates a hearing is not a "per se requirement," Eleventh Circuit precedent indicates that evidentiary hearings "are required in all but limited circumstances."  *SEC v. Smythe*, 420 F.3d 1225, 1231-32

n. 13 (11th Cir. 2005); *see also Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746-47 (11th Cir. 2017) (citing Rule and *Smythe*).

After default was entered and the motion for default judgment filed, the Court set a hearing and notified the Defendants of the hearing date. *See* Doc. 14. The Court also warned the Defendant that failure to respond and/or appear could constitute a waiver of her rights to defend herself in this lawsuit. Heedless of the warning, Defendant failed to respond or attend the hearing.

Therefore, having reviewed the complaint, the motion for default judgment, and the declarations of William A. Gottlieb and Alexander B. Feinberg filed in support of the motion, the Court finds the following:

1. On December 11, 2024, Plaintiff filed its Complaint against Defendant. *See* Doc. 1. On December 11, 2024, the Clerk issued a Summons for Defendant. *See* Doc. 3.

2. In response to the Court's jurisdictional order, Plaintiff filed an Amended Complaint on December 13, 2024. *See* Docs. 5, 6. Having reviewed the Amended Complaint, the Court determines that it does have subject matter jurisdiction under 28 U.S.C § 1332 (diversity jurisdiction) and that personal jurisdiction and venue are proper.

3. As set forth in the Amended Complaint, Plaintiff asserted claims for fraud (Count I), negligent misrepresentation (Count II), money had and received (Count III), and unjust enrichment (Count IV). Doc. 6. Plaintiff sought to recover money paid to Mitchell that it alleges was stolen because Mithcell submitted false and fraudulent claims under a long-term care insurance policy issued by Plaintiff to Gary Parnell ("the Insured") – Policy No. 9388008 ("the Policy"). Specifically, Plaintiff alleged that Mitchell routinely submitted claims for reimbursement of caregiver services that were in fact never rendered by Mitchell to the Insured. As a result of the fraudulent scheme, Plaintiff paid $167,754.00 in benefits under the Policy. *Id*.

4. On December 13, 2024, Alias Summons were issued for Defendant. *See* Doc. 7. On December 20, 2024, Plaintiff filed its proof of service indicating that Defendant was served by process server on December 15, 2024. *See* Doc. 9. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), the deadline for Defendant to file an answer or other responsive document was on or before January 5, 2025. No answer or other response was filed by Mitchell.

5. On January 7, 2025, Plaintiff filed an application for the entry of default as to Mitchell for which the Clerk of Court entered default the same day. *See* Docs. 11, 12.

6. On January 21, 2025 Plaintiff filed its motion for default judgment and supporting evidence. *See* Doc. 13. The Court entered a briefing schedule and set a hearing for March 5, 2025. *See* Doc. 14.

7. Mitchell did not file a response or appear at the hearing.

8. In the case at hand, since default has been entered, the factual allegations of the complaint are now deemed admitted. *See Giovanno v. Fabec,* 804 F.3d 1361, 1366 (11th Cir. 2015) ("When a defendant defaults, he admits the plaintiff's well-pleaded allegations of fact." (internal quotations marks and citation omitted)). The facts in the Amended Complaint support Plaintiff's claim for judgment arising from the fraudulent submission of claims under the Policy. Specifically, that after an investigation, Plaintiff learned the following:

    (a) Mitchell ran a home health care company called Touched by an Angel Home Health Care, and Mitchell sent caregivers (who were not approved by John Hancock) to provide certain services to the Insured;

    (b) Mitchell primarily sent an individual named Rabania Lawrence Cook a/k/a Punkin (who was not approved by John Hancock) to provide certain services to the Insured;

    (c) Caregiver services were never provided to the Insured on weekends as represented in the Service Bills;

(d) Except during the final month of the Insured's life, caregiver services were never provided to the Insured for 24-hours a day as represented in the Service Bills;

(e) Mitchell was never observed when Homestead Village of Fairhope's maintenance technician made repairs at the Insured's home in March 2024 and April 2024, when Mitchell represented in Service Bills that she was providing caregiver services to the Insured for 24 hours a day and seven days a week during this period;

(f) The Insured was observed by himself without a caregiver on several other occasions when Mitchell represented in Service Bills that she was providing caregiver services to the Insured;

(g) Mitchell was purportedly manipulating the Insured's finances by taking out a car loan in the Insured's name, writing checks from the Insured's bank accounts, making herself a joint owner on the Insured's bank accounts, and making herself the beneficiary on the Insured's annuity; and

(h) Mitchell was under investigation by Baldwin County Department of Health Services for elder abuse of the Insured.

*See* Doc. 13 at 6-7. Plaintiff also learned from witnesses and documentary evidence that Mithcell did not provide caregiver services as represented in her claims and the service bills. Additionally, the investigation revealed that Mitchell had an extensive criminal history to include arrests and convictions for I.D. theft, fraud, forgery, and burglary. *Id*. at 7-8. Plaintiff also interviewed Mitchell in the course of the investigation and she asserted that her daughter watched the Insured at various times reflected during the service bills though her daughter was not approved by John Hancock to do so. *Id*. at 8. Additionally, Mitchell submitted bills indicating that she had provided caregiver to the Insured from May 24-30, 2024, even though he was already deceased as of May 23, 2024. *Id*. at 6, 8.

9. Plaintiff demanded repayment of the $167,754.00 by letter on August 5, 2024 and again on September 25, 2024. Mithcell refused to repay the funds which resulted in the filing of this lawsuit.

10. The facts as alleged in the Amended Complaint and supported by the evidence submitted with the motion for default judgment sufficient establish Plaintiff's claims for fraud (Count I), negligent misrepresentation (Count II), money had and received (Count III), and unjust enrichment (Count IV). The Court finds that the motion for default judgment is well-taken and supported by sufficient evidence in addition to the factual allegations that have been deemed admitted.

It is therefore **ORDERED, ADJUDGED,** and **DECREED** that:

A. John Hancock's Motion for Default Judgment (Doc. 13) is **GRANTED**.

B. A judgment will be entered in favor of Plaintiff and against Defendant in the amount of $167,754.00,[1] plus pre- and post-judgment interest and reasonable attorneys' fees and expenses.

C. Plaintiff shall submit its attorney's fees and costs by motion with evidentiary support on or before **May 9, 2025**.

D. This is a final order, the terms of which are effective immediately. However, the Court will enter a final judgment in this matter following the resolution of the attorney's fees and costs motion.

---

[1] Plaintiff submitted the proposed order with the amount $168,159.00 which consists of $167,754.00 in actual damages sustained by John Hancock plus $405.00 in recoverable litigation costs. However, the Court finds that it is better to award the actual damages in this order and to permit Plaintiff to file a motion for attorney's fees and costs separately – especially as the Amended Complaint demands attorneys' fees and costs (*see* Doc. 6 at 12). The Court does not wish to piecemeal judgments with a potential later motion related to attorneys' fees and interest. This will allow for a judgment that is clear as to the final resolution of this case.

**DONE** and **ORDERED** this 16th day of April 2025.

                                                s/Terry F. Moorer
                                                TERRY F. MOORER
                                                UNITED STATES DISTRICT JUDGE